IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY OWEN KENDALL, ) | |
| ) | |
| Plaintiff, ) | Case No. CV 07-103-S-EJL |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| U.S. DEPARTMENT OF VETERAN'S ) | |
| AFFAIRS, ANTHONY J. PRINCIPI, ) | |
| JAMES NICHOLSON, WAYNE TIPPETS, ) | |
| JIM SOLA, ANTHONY SALAZAR, ) | |
| JAMES E. BRANAHL, JOLENE STAR, ) | |
| DR. KAHTAIN, DR. CARROLL, and ) | |
| EDWINA WINN, ) | |
| ) | |
| Defendants. ) | |

Currently pending before the Court is Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 1). The District Court has referred this action to the undersigned for all pretrial matters. (Docket No. 6). Accordingly, having carefully reviewed the record, and otherwise being fully advised, the following Report and Recommendation is entered pursuant to 28 U.S.C. § 636(b).

I.

BACKGROUND

On March 1, 2007, Plaintiff Gary Owen Kendall ("Plaintiff") filed a "Complaint: Conspiratorial Deprivation of Civil Rights Under Color of Law and Intentional Infliction of Emotional Distress." (Docket No. 2). Plaintiff alleges, among other things, that he was denied

REPORT AND RECOMMENDATION - 1

equal access to a medical specialty evaluation and denied equal protection of the law. *Complaint*, p. 1 (Docket No. 2).

Based on these and other allegations, Plaintiff brought this action against the Veteran's Administration and several of its employees. *Id.* Plaintiff has requested that he be allowed to proceed with these claims without prepayment of fees. (Docket No. 1).

## II.

## REPORT

The Court may authorize the commencement of any civil suit without prepayment of fees or security by a person who submits an affidavit that includes a statement (1) of all assets he possesses, and (2) that the person is unable to pay such fees or give security. 28 U.S.C. § 1915(a)(1). The required affidavit must state the nature of the action and the affiant's belief that he is entitled to redress. *Id.*

Although Plaintiff did not file a document titled "affidavit" in support of his request to proceed without prepayment of fees, he filed a Cost of Living Statement in Support of Motion for Leave to Proceed In Forma Pauperis (Docket No. 1-2) that includes a declaration, "under penalty of perjury," that the statements are "true and correct to the best of [Plaintiff's] knowledge." *Cost of Living Statement*, p. 1 (Docket No. 1-2). In addition, the statement is notarized. *Id.* Under these circumstances, and considering that pro se pleadings must be liberally construed, *see Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), the Court will consider the financial information contained in Plaintiff's sworn statement.

However, it is recommended that the District Court deny Plaintiff leave to proceed in forma pauperis, for the following reason. Although Plaintiff provided information regarding his

REPORT AND RECOMMENDATION - 2

income and debts, *Cost of Living Statement*, p. 1 (Docket No. 1-2), and has stated, as required by 28 U.S.C. § 1915(a)(1), that "because of [his] poverty, [he] is unable to pay the costs of said proceeding or give security therefore, and that [he] believe[s] that [he is] entitled to relief," *Motion for Leave to Proceed in Forma Pauperis*, p. 1 (Docket No. 1), he provided no information about his assets. *See* 28 U.S.C. § 1915(a)(1) (stating that the affidavit in support of an in forma pauperis request should "include[] a statement of all assets"); *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981).

Because it appears that Plaintiff has at least one asset, a vehicle, *see Cost of Living Statement*, p. 1 (Docket No. 1-2) (report of "vehicle expenses"), and Plaintiff has provided no information about this asset or any others as required by § 1915(a)(1), it is recommended that the District Court deny Plaintiff leave to proceed in forma pauperis, but allow Plaintiff fourteen (14) days in which to file a renewed motion to proceed in forma pauperis along with an affidavit that meets all the requirements of 28 U.S.C. § 1915(a)(1). It is further recommended that, if Plaintiff does not file a renewed motion, he be required to pay the filing fee within the same time period.

## III.

## RECOMMENDATION

Based on the foregoing, it is recommended that the District Court deny without prejudice Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 1), and allow Plaintiff to either pay the filing fee for this action or file a renewed motion to proceed in forma pauperis along with an affidavit that meets all the requirements of 28 U.S.C. § 1915(a)(1), within fourteen (14) days of the District Court's Order on this Report and Recommendation.

It is further recommended that, if Plaintiff does not file a renewed motion and affidavit conforming to § 1915(a)(1) within the fourteen-day period or pay the filing fee for this action within that same time period, this action be dismissed without further notice.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636 and District of Idaho Local Civil Rule 72.1. If written objections are not filed within the specified time, the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals may be waived.



DATED: **July 11, 2007**.

/s/ Larry Boyle
Honorable Larry M. Boyle
U. S. Magistrate Judge

REPORT AND RECOMMENDATION - 4