IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY KENDALL, )<br>)<br>               Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>U.S. DEPARTMENT OF VETERANS AFFAIRS, )<br>et al., )<br>)<br>               Defendants. )<br>) | Case No. CV07-103-S-EJL<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

      On July 11, 2007, United States Magistrate Judge Larry M. Boyle issued his Report and Recommendation in this matter. Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten days in which to file written objections to the Report and Recommendation. Plaintiff filed his Objection to Report and Recommendation and Complaint of Fraud Upon the Court by Magistrate Judge Boyle on July 23, 2007 (Docket No. 8).

      Pursuant to 28 U.S.C. § 636(b)(1) this Court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate. The Court has conducted a de novo review of the record in order to rule upon the objections of the Plaintiff.

      The magistrate judge recommends that the Court deny without prejudice Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 1) and allow Plaintiff to either pay the filing fee for this action or file a renewed motion to proceed in forma pauperis along with an affidavit that meets all the requirements of 28 U.S.C. § 1915(a)(1). Plaintiff objects to recommendation and claims he filed a document that meets the requirements of the affidavit pursuant to 28 U.S.C. § 1915.

      Plaintiff is proceeding pro se. Pro se pleadings are to be liberally construed. <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000). However, the Court reminds the Defendants that pro se litigants are held to same procedural rules as counseled litigants. <u>King v. Atiyeh</u>,

814 F.2d 565, 567 (9th Cir. 1987). To begin with, Plaintiff shall comply with the formatting requirements of this Court as set forth in Dist. Idaho Loc. Civ. R. 5.2 (a) for all future pleadings: double spaced and at least 12 point font. As to the merits of the objection, the Court finds Plaintiff's pleadings have not complied with the requirements of an affidavit pursuant to 28 U.S.C. § 1915(a)(1). A notary seal simply confirms the identity of the person who signed a document; a notary seal does not mean that such statement is made under oath. While other pleadings may have included some of the necessary information, this Court agrees with the magistrate judge that the pleadings need to conform to the clear requirements of the applicable statute. Plaintiff will be given the opportunity to file an affidavit that meets the requirements of 28 U.S.C. § 1915(a)(1).

As to Plaintiff's complaint regarding fraud upon the Court, Plaintiff's argument is without merit. This action was originally assigned to Magistrate Judge Boyle as the presiding judge. Magistrate Boyle determined ti was appropriate to reassign this case to a District Judge (Docket No. 5). The undesigned was assigned the case. Pursuant to the District Court's authority, all pre-trial matters were referred to Judge Boyle by the undersigned. Accordingly, Judge Boyle had the jurisdiction and authority to rule on all dispositive and non-dispositive matters in this case pursuant to 28 U.S.C. § 636(b)(1). Therefore, Plaintiff's complaint of fraud is dismissed in its entirety. Plaintiff is advised to focus on the legal issues of his lawsuit and to avoid attacking the judicial officers reviewing his pleadings.

Because the Court finds the report and recommendation of Judge Boyle to be well founded in law, the Court hereby accepts in their entirety, and adopts as its own, the findings and conclusions made by Judge Boyle. Acting on the recommendation of Judge Boyle, and this Court being fully advised in the premises,

**IT IS HEREBY ORDERED**:  Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Docket No. 1) is DENIED WITHOUT PREJUDICE and Plaintiff is granted leave to either pay the filing fee for this action or file a renewed motion to proceed in forma pauperis along with an affidavit that meets all the requirements of 28 U.S.C. § 1915(a)(1) within fourteen (14) days of the date of this Order.

**IT IS FURTHER ORDERED:** Plaintiff's Complaint of fraud upon the court (Docket No. 8) is dismissed in its entirety.

DATED:  **November 21, 2007**

Honorable Edward J. Lodge
U. S. District Judge