# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| GARY KENDALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV 07-103-S-EJL |
| | ) | |
| vs. | ) | **SECOND REPORT AND** |
| | ) | **RECOMMENDATION** |
| U.S. DEPARTMENT OF VETERAN | ) | |
| AFFAIRS, et. al | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

        Currently pending before the Court is Plaintiff's Renewed Motion for Leave to Proceed

In Forma Pauperis and Affidavit in Support (Docket No. 11).  The District Court has referred

this action to the undersigned for all pretrial matters.  (Docket No. 6).  Accordingly, having

carefully reviewed the record, and otherwise being fully advised, the following Second Report

and Recommendation is entered pursuant to 28 U.S.C. § 636(b).

## I.

## BACKGROUND

        On October 9, 2007, Plaintiff Gary Kendall ("Plaintiff") filed a self-titled: "Complaint:

Conspiratorial Deprivation of Civil Rights Under Cover of Law and Intentional Infliction of

Emotional Distress" ("Complaint").  (Docket No. 2).  Plaintiff alleges, among other things, that

Defendants have conspired to deny him access to a medical specialty evaluation and denied him

equal protection of the law.  *Id.* at 3 (Docket No. 2).  Based on these and other allegations,

Plaintiff brought this action against the United States Department of Veteran Affairs ("VA") and

**REPORT AND RECOMMENDATION - 1**

ten of its former and current employees.  *Id.*  As alleged by Plaintiff, seven of these named

Defendant employees worked at the VA Medical Center ("VAMC") in Boise, Idaho.  *Id.* at 1.

## II.

### IN FORMA PAUPERIS REQUEST

**A.    Standards of Law**

The Court may authorize the commencement of any civil suit without prepayment of fees

or security by a person who submits an affidavit that includes a statement (1) of all assets he

possesses, and (2) that the person is unable to pay such fees or give security.  28 U.S.C. §

1915(a)(1).  The required affidavit must state the nature of the action and the affiant's belief that

he is entitled to redress.  *Id.*

**B.    Discussion**

In support of his request, Plaintiff filed a Renewed Motion for Leave to Proceed in Forma

Pauperis (the "Motion") and Affidavit in Support of Renewed Motion for Leave to Proceed In

Forma Pauperis (the "Affidavit").  (Docket No. 11).  The Affidavit includes an "Attestation,

Notice and Certification" whereby Plaintiff swears and affirms that the statements contained

therein are "true and correct to the best of [his] knowledge."  *Id.* at 6.  Further, the Affidavit is

notarized.  *Id.* at 7.  Therefore, the Court will consider the financial information contained in the

Affidavit.

Based on a review of Plaintiff's financial information, it is recommended that the District

Court grant Plaintiff leave to proceed in forma pauperis, for the following reasons.  Plaintiff

states that he is unemployed and receives income of only $910.00 per month for disability

benefits, but spends it all on his monthly rent, food, laundry, telephone, vehicle, and other

**REPORT AND RECOMMENDATION - 2**

expenses. *Id.* at 5-6. Plaintiff's only asset appears to be a 1992 Dodge pick-up truck (which he values at $500.00), contrasted against significant debt. *Id*. at 4,6. Finally, Plaintiff has sworn, as required by 28 U.S.C. § 1915(a)(1), that he is "unable to prepay fees, cost, or give security therefore" in order to pursue his action for deprivation of civil rights and intentional infliction of emotional distress. *Id.* at 4  Therefore, Plaintiff appears to meet the requirements of 28 U.S.C. § 1915(a)(1).

### III.

### REVIEW OF COMPLAINT

**A.    Standards of Law**

The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(e)(2). A complaint or portion thereof should be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

Generally, in conducting this review, Plaintiff's pro se pleadings must be liberally construed and he must be given the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the complaint can be saved by amendment, Plaintiff should be notified of the Complaint's deficiencies and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (explaining that "dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment").

However, "[i]n determining whether a complaint is frivolous, "a court is *not* bound, as it usually is when making a determination based solely on the pleadings, to accept without

**REPORT AND RECOMMENDATION - 3**

question the truth of the plaintiff's allegations." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992) (emphasis in original).  A Court may find a complaint factually frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.; see also O'Loughlin v. Doe,* 920 F.2d 614, 617 (9th Cir. 1990) (holding a complaint submitted in forma pauperis "is frivolous if it has no arguable basis in fact or law").

**B.      Factual Allegations**

Plaintiff is an honorably discharged, disabled "Vietnam Era Veteran" who has been "under VA Medical Center inpatient and outpatient care since September 2000." *Complaint*, p. 1 (Docket No. 2).  Plaintiff outlines his allegations into four basic categories: (1) mistreatment of his traumatic brain injury; (2) denial of extended domiciliary benefits; (3) denial of compensation for private emergency medical care; and (4) attempted murder.

**1.      Traumatic Brain Injury**

Plaintiff alleges that he sustained a closed head, traumatic brain injury in the line of active duty that led to symptoms consistent with post-concussion syndrome ("PCS").  *Id.* at 2. Plaintiff continues to demonstrate symptoms consistent with PCS, including migraine-like headaches, seizure-like episodes, chronic depression, anxiety attacks, cognitive disorder, sleep apnea, chronic myalgias, diabetes II, high cholesterol, hypertension, treatment-induced reduction of testosterone, treatment-induced weight gain, and nervous stomach.  *Id.*

Plaintiff contends that the VA has wrongfully denied him access to evaluation and treatment at a traumatic brain injury specialty center located in Palo Alto, California.  *Id.* Plaintiff also alleges that the VA has refused to pay for Plaintiff to see a private traumatic brain

**REPORT AND RECOMMENDATION - 4**

injury and PCS specialist.  *Id.* at 3.  According to Plaintiff, access to a medical specialist is necessary both for the provision of proper medical treatment, as well as the proper evaluation of Plaintiff's service-connected disability compensation claim.  *Id.*

Plaintiff alleges that his claim for service-connected disability was denied on the basis that there was no medical diagnosis of TBI-induced PCS.  *Id.* at 4.  Plaintiff further alleges that other individuals with the same array of symptoms are receiving "VA rated service connected disability for [PCS]."  *Id.* at 2-3.

### 2.      Domiciliary Benefits

Plaintiff has been in outpatient care with the VAMC Boise consistently since September 2000.  *Id*.  In December 2000, Plaintiff was provided housing in the Idaho State Veterans Home in Boise "due to indigency and the VA doctors' determination of a need for the extended medical evaluation of [Plaintiff]."  *Id*.  Plaintiff alleges that between December 2000 and August 2002, the VA provided him with domiciliary benefits that allowed him to stay at the Veterans Home in Boise.  *Id.*

When the VA announced that the Veterans Home would be closed, Plaintiff submitted a written request to the VA for the provision of domiciliary benefits "to allow [Plaintiff] to seek local alternative housing."  *Id.*  Plaintiff's primary physician, Dr. Branahl, also provided a written request seeking to have Plaintiff admitted as a nursing care resident.  *Id.*  The VA denied the request.  *Id.*

After the VA denied his request for extended domiciliary benefits, Plaintiff allegedly filed with VAMC Director Wayne Tippets a Notice of Disagreement and Demand for Hearing before the Board of Veterans Appeals ("BVA").  *Id.*  The BVA never received the Notice and

**REPORT AND RECOMMENDATION - 5**

has refused to allow Plaintiff to file a supplemental notice.  *Id.* at 5.  As a result, Plaintiff

contends, he spent six months, including a harsh winter, without housing and sleeping in the

back of his pick-up truck.  *Id.*

> **3.     Compensation for Private Emergency Medical Care**

In 2004, Plaintiff sought private emergency medical treatment for "vascular-coronary

collapse."  *Id.*  The VA did not pay for the treatment.  *Id.*

Again, Plaintiff filed a Notice of Disagreement and Demand for Hearing before the BVA.

Plaintiff alleges that the BVA "ruled in [his] favor on all cited counts of law;" yet the VAMC

Boise continues to defy the BVA order and denies compensation to Plaintiff's private medical

emergency care providers.  *Id.*

> **4.     Attempted Murder and Medical Malpractice**

Plaintiff claims that between September and December 2002, the VAMC Boise pharmacy

refused to refill Plaintiff's "necessary, life-sustaining medication prescriptions."  *Id.* at 5-6.

When the prescriptions were filled in December 2002, a VA physician allegedly ordered Plaintiff

to restart the medication at the former dosage levels.  *Id.* at 6.  One month after restarting the

medication, Plaintiff experienced heart-attack like symptoms and was diagnosed with "dissection

of the rising aorta."  *Id.*

According to Plaintiff, the medications contained warnings against the sudden cessation

of therapeutic dosage levels and also warned against sudden restart of former dosage levels after

cessation.  *Id.*  Plaintiff claims the cessation and restart of the medications was designed by the

VA to end his life and constitutes both attempted murder and malpractice.  *Id.*

**REPORT AND RECOMMENDATION - 6**

5.      **Claims**

Based on the above allegations, Plaintiff argues he has been deprived of "civil rights

under color of law."  As Plaintiff describes:

> Said deprivations include intentional denial of equality of access to medical
> specialty evaluation, intentional denial of access to equality of record and equality
> of protection of existing law and regulation in claim for service connected
> disability compensation, intentional unreasonable extension of treatable pain and
> anguish, intentional exacerbation of medical conditions via denial of proper
> medical care, intentional medical malpractice, intentional exacerbation of
> potential early fatality, intentional denial of VA compensation for private medical
> care, intentional denial of equality of access to administrative remedy and
> procedural process . . . , intentional denial of . . . mandated extension of
> domiciliary benefits in retaliation for petitioner's earlier complaints of VA's
> violations of petitioner's civil rights, intentional infliction of emotional distress,
> . . . and VA attempted murder.

*Complaint*, p.1 (Docket No. 2).  Plaintiff also contends that such treatment takes away from the

focus of all military personnel currently serving and, during a time of war, constitutes treason.

*Id.* at 7.

6.      **Requested Relief**

For relief, Plaintiff seeks an award of medical care and benefits; specific performance;

punitive damages; and specified monetary awards from the ten individual Defendants, including:

(1) Anthony Principi, former Secretary of the VA 2001-2005; (2) Jim Nicholson, former

Secretary of the VA 2005-2007; (3) Wayne Tippets, former VAMC Boise Director; (4) Jim Sola,

VAMC Boise Assistant Director; (5) James E. Branahl, VAMC Boise physician; (6) Edwina

Winn, VAMC Boise Chief Medical Administration Services; (7) Anthony Salazar, VA

physician; (8) Jolene Star, VAMC Boise physician; (9) Dr. Kahtain, VAMC Boise physician;

and (10) Dr. Carroll, VAMC Boise physician.  *Id.* at 7-8.  *Id.*

**REPORT AND RECOMMENDATION - 7**

C.      **Subject Matter Jurisdiction**

As explained more fully below, it is recommended that the District Court dismiss

Plaintiff's claims as they relate to the denial of veterans' benefits.  Pursuant to 38 U.S.C.

§ 511(a), the District Court lacks federal subject matter jurisdiction to review a claims decision

by the VA.

Plaintiff's Complaint is based upon the VA's denial of certain benefits, including

allegations that the VA: (1) failed to provide necessary medical services[1], (2) denied Petitioner's

service-connected disability claim[2], (3) denied Petitioner's domiciliary benefits claim[3], and

(4) refused to pay compensation for private emergency medical care.[4]  Federal law precludes the

district courts from reviewing such claims.  The relevant statute states:

> The Secretary [of Veterans Affairs] shall decide all questions of law and fact
> necessary to a decision by the Secretary under a law that affects the provision of
> benefits by the Secretary to veterans . . . . [T]he decision of the Secretary as to
> any such question shall be final and conclusive and may not be reviewed by any
> other official or by any court, whether by an action in the nature of mandamus or
> otherwise.

38 U.S.C. § 511(a).[5]

---

[1] *Complaint*, pp. 2-4 "RE: Traumatic Brain Injury" (Docket No. 2).

[2] *Id.* at pp. 3-4 ¶¶ 18, 23 (medical specialty evaluation necessary to establish claim for
service-connected disability).

[3] *Id.* at pp. 4-5 ("RE: denial of extended Veterans' domiciliary benefits").

[4] *Id.* at p.5 ("RE: denial of VA compensation of private emergency medical care
providers").

[5] Similar "no-review" clauses have been part of veterans' benefits legislation since 1933.
*Johnson v. Robison*, 415 U.S. 361, 369 (1974) (construing predecessor statute, 38 U.S.C.
§ 211(a)).

**REPORT AND RECOMMENDATION - 8**

This statute precludes judicial review "of those decisions of law or fact that arise in the administration by the Veterans' Administration of a statute providing benefits for veterans." *Johnson v. Robison*, 415 U.S. 361, 367 (1974) (construing predecessor statute, 38 U.S.C. § 211(a)); *see also Tietjen v. U.S. Veterans Admin.*, 884 F.2d 514, 515 (9th Cir. 1989) (construing predecessor statute, 38 U.S.C. § 211(a), to preclude judicial review of "decisions of law or fact concerning the administration of benefits legislation").  Thus, the District Court may not adjudicate whether the VA acted properly in handling a request for benefits.  *See Thomas v. Principi*, 394 F.3d 970, 974 (D.C. Cir. 2005).

Plaintiff's Complaint (Docket No. 2) includes allegations regarding the VA's alleged wrong-doing in handling four requests for benefits, including claims for: (1) medical services, specifically the provision of a medical specialist; (2) service-connected disability; (3) domiciliary benefits; and (4) compensation for private emergency medical care.  These requests are all covered by the "no-review" statute, 38 U.S.C. § 511(a).  *See Thomas*, 394 F.3d at 974 (holding claim that VA failed to provide appropriate medical services not subject to review); *Tietjen*, 884 F.2d at 515 (holding decision to decrease service-connected disability claim not subject review) (construing predecessor statute, 38 U.S.C. § 211(a)); *Moore v. Johnson*, 582 F.2d 1228, 1233 (9th Cir. 1978) (holding decision regarding domiciliary benefits not subject to review) (construing predecessor statute, 38 U.S.C. § 211(a)); *Price v. U.S.*, 228 F.3d 420, 421 (D.C. Cir. 2000), *cert. denied*, 534 U.S. 903 (2001) (holding decision to deny claim for reimbursement for medical services at non-VA medical facility not subject to review).

The appropriate process for seeking review of a decision to deny benefits is provided by statute.  Any claimant seeking benefits from the VA "has the responsibility to present and

**REPORT AND RECOMMENDATION - 9**

support a claim for benefits." 38 U.S.C. § 5107(a).  All appeals from adverse decisions must first

go to the Board of Veterans' Appeals ("the Board") within the VA.  *See* 38 U.S.C. § 7104(a).

The Board decides appeals only after a claimant has been given the opportunity for a hearing.

*See* 38 U.S.C. § 7105(a).  Decisions by the Board may be appealed to the Court of Appeals for

Veterans Claims ("CAVC"), and from there to the United States District Court of Appeals for

the Federal Circuit.  *See* 38 U.S.C. §§ 7252, 7292(a).[6]  This is the "exclusive avenue for redress

of veterans' benefits determinations."  *Price,* 228 F.3d at 421.

        In short, to the extent Plaintiff seeks review of the VA's decisions with respect to a

veterans' claim, the District Court lacks subject matter jurisdiction to consider the claim.  *See* 38

U.S.C. § 511(a).  Therefore, it is recommended that the District Court dismiss Plaintiff's claims

arising from the allegations that the VA: (1) did not provide him with a medical specialist

evaluation, (2) denied his application for disability claims, (3) denied him domiciliary benefits,

and (4) refused to compensate him for the provision of private emergency health care.  This

necessarily includes Plaintiff's constitutional claims, which are, in substance, challenges to the

VA's denial of benefits.  *See Tietjen v. U.S. Veterans' Admin.*, 884 F.2d at 515; *Weaver v. U.S.*,

98 F.3d 518, (10th Cir. 1996) (holding that when determining whether claim seeks review of VA

decision regarding benefits, "[w]e examine the substance of these allegations rather than

plaintiff's labels, to determine their true nature"); *Hicks v. Veterans Admin.*, 961 F.2d 1367 (8th

Cir. 1992) (holding district court lacked jurisdiction to review claim that unconstitutional

---

        [6]  38 U.S.C. § 7292(c) designates the Federal Circuit as the only Article III court with
jurisdiction to hear challenges to VA determinations regarding disability benefits.   However,
even the Federal Circuit's review is limited by 38 U.S.C. § 511.  *See Price v. United States,* 228
F.3d 420, 421 (D.C. Cir. 2000) (per curiam), *cert. denied,* 534 U.S. 903 (2001).

**REPORT AND RECOMMENDATION - 10**

retaliatory conduct was cause of reduction in veterans disability rating and benefits); *Sugrue v. Derwinski,* 26 F.3d 8, 11 (2d Cir. 1994) (holding "the courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms"). These claims should be denied with prejudice, because Plaintiff cannot amend the Complaint to save these claims.

**D.    Tort Claims**

Although 38 U.S.C. § 511(a) deprives the District Court of jurisdiction to consider VA decisions regarding the provision of benefits, the statute does not affect the District Court's jurisdiction to consider Plaintiff's tort claims. *See Littlejohn v. U.S.*, 321 F.3d 915 (9th Cir. 1993) (holding 38 U.S.C. § 511 does not apply to medical malpractice action). Plaintiff's tort claims include medical malpractice and intentional infliction of emotional distress.

Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 et seq., a tort claim is actionable if it arises "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 477 (1994) (quoting 28 U.S.C. § 1346(b)). However, before a claimant may bring a tort claim against the United States or its employees, "the claimant shall have first presented the claim to the appropriate Federal agency" and the claim must be "finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

Because Plaintiff has not alleged that such action was taken, it is recommended that the District Court deny the tort claims without prejudice. Plaintiff may not bring such a claim without following the procedure set forth in the FTCA. 28 U.S.C. § 2671 et seq.

**REPORT AND RECOMMENDATION - 11**

**E.      Criminal Claims**

Plaintiff's Complaint includes claims of attempted murder and treason.  Plaintiff's Complaint, which is a civil action, cannot state a claim for attempted murder or treason.  These claims are criminal charges, which cannot be pursued in a civil action.  *See, e.g., Lamont v. Haig*, 539 F.Supp. 552, 558 (D.S.D. 1982) (violation of federal criminal statutes does not give rise to a civil cause of action); *Fiorino v. Turner*, 476 F.Supp. 962, 963 (D.Mass. 1979).  Because Plaintiff cannot amend the Complaint (Docket No. 2) to save these claims, it is recommended that the District Court dismiss Plaintiff's attempted murder and treason claims with prejudice.

## IV.

## CONCLUSION

Although Plaintiff's Complaint has been liberally construed, and the authority cited therein considered, Plaintiff is reminded that it is not "the proper function of the . . . court to assume the role of advocate for the pro se litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For that reason, the Court has not "construct[ed] arguments or theories for the plaintiff in the absence of any discussion of those issues."  *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

Although taking the allegations raised in Plaintiff's Complaint as true, the allegations do not support his claims for relief.  Therefore, it is recommended to the District Court that the Complaint be dismissed in its entirety.  The claims arising from the VA's denial of benefits and the criminal claims must be denied with prejudice, because Plaintiff cannot amend the Complaint

**REPORT AND RECOMMENDATION - 12**

to save these claims.  However, the tort claims should be dismissed without prejudice to afford Plaintiff the opportunity to demonstrate whether the FTCA was followed.

## V.

## RECOMMENDATION

Based on the foregoing, it is recommended that the District Court (1) grant Plaintiff's Petition for Order to Proceed in Forma Pauperis (Docket No. 1) and (2) dismiss the Complaint (Docket No. 2) in its entirety for failure to state a claim.

Written objections to this Report and Recommendation must be filed within ten (10) days pursuant to 28 U.S.C. § 636 and District of Idaho Local Civil Rule 72.1.  If written objections are not filed within the specified time, the right to raise factual and/or legal objections in the Ninth Circuit Court of Appeals may be waived.



DATED:  **May 27, 2008**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**REPORT AND RECOMMENDATION - 13**