IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY KENDALL, ) | |
| ) | |
| Plaintiff, ) | Case No. CV07-103-S-EJL |
| ) | |
| vs. ) | ORDER ADOPTING REPORT |
| ) | AND RECOMMENDATION |
| ) | |
| U.S. DEPARTMENT OF VETERAN ) | |
| AFFAIRS, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

On May 27, 2008, Chief United States Magistrate Judge Larry M. Boyle issued a Second Report and Recommendation (Docket No. 14). Pursuant to 28 U.S.C. § 636(b)(1), the parties had ten (10) days in which to file written objections to the Report and Recommendation. On June 5, 2008, Plaintiff Gary Kendall filed his objection. Exercising de novo review of the matter, this Court may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge. Id.

In the Second Report and Recommendation, Judge Boyle recommends Plaintiff be granted leave to proceed in forma pauperis[1], but that his claims be dismissed based on a lack of subject matter jurisdiction. First, the Plaintiff disagrees with the analysis that claims regarding services or lack of services from the Veterans Administration ("VA") must be filed with the Veteran's Administration, appealed to the Board of Veteran's Appeals within the VA and the final avenue of review is through the United States District Court of Appeals for the Federal Circuit. See 38 U.S.C. § § 7252; 7292(a). Pursuant to applicable statutes, federal law precludes district courts from reviewing veteran's claims regarding the denial of certain benefits. See 38 U.S.C. § 511(a); Johnson v. Robison, 415 u.s. 361, 367 (1974), Thomas v. Principi, 394 F.3d 970. 974 (D.C. Cir.

---

[1] Plaintiff objects to the amount of time it took for the magistrate judge to correctly rule he was entitled to proceed in forma pauperis. While the Court is aware of the delay, the fault is not entirely on the Court's and the Court did allow Plaintiff leave to renew his motion for informa pauperis status.

ORDER - Page 1

2005). While Plaintiff argues the Constitution should allow redress of his grievances, this Court is sworn to uphold the Constitution as well as the laws and regulations, and it is these laws which preclude judicial review by a federal district court of Plaintiff's VA claims.

The Court did review the case cited by Plaintiff, Veterans for Common Sense v. R. James Nicholson, Case No. 3:07-cv03758-SC, in United States District Court for the Northern District of California. That case is not binding on this Court, is not resolved and the facts of that class action case differ substantially from the individual claims of the Plaintiff in this case. The court's ruling in docket no. 93 of Veterans for Common Sense does indicate an individual's claims must be filed pursuant to the statutes previously cited, but goes on to deny the motion to dismiss the class action challenging the VA system as a whole. Because the nature of the claims presented in the case at bar are individual, Plaintiff must seek relief from the regional VA office with his rights to appeal as previously discussed.

Second, Plaintiff objects to the fact that he cannot file a civil action alleging a violation of criminal statutes. The law is clear on this point. Enforcement of criminal statutes is by the executive branch of the government. Unless a private right of action is provided by statute, a citizen may not file a civil action alleging a criminal violation. See Lamont v. Haig, 539 F.Supp. 552, 558 (D.S.D. 1982).

Third, as to Plaintiff's tort claims, the Court agrees with Judge Boyle that such claims should be dismissed without prejudice in order for the Plaintiff to establish whether or not he satisfied the Federal Tort Claims Act prerequisite notice of claim.

Because this Court finds the Report and Recommendation of Judge Boyle to be well founded in law and supported by the record, the Court hereby accepts in their entirety, and adopts as its own, the findings made by Judge Boyle and denies Plaintiff's objection.. Acting on the recommendation of Judge Boyle, and this Court being fully advised in the premises,

## ORDER

**IT IS HEREBY ORDERED** that the Report and Recommendation, entered on May 27, 2008, (Docket No.14) by Judge Boyle should be, and is hereby, **INCORPORATED** by reference and **ADOPTED** in its entirety.

**IT IS FURTHER ORDERED** that Plaintiff's renewed Petition for Order to Proceed in Forma Pauperis (Docket No. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Docket No. 2) is **DISMISSED IN ITS ENTIRETY** for failure to state a claim, however, the Federal Tort Claims Act claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** that since the Complaint is being dismissed, the motion for inclusion by Dennis Perry (Docket No. 12) is **DENIED**.

DATED: **June 10, 2008**

Honorable Edward J. Lodge
U. S. District Judge